Judge Marshall
delivered the opinion of the Court.
The discovery of record' evidence of a fact put genera% *n ^ssue hr a suit in chancery, if made after the renditioir of the decree, and if it be such evidence as would, ^ previously brought into the cause, have changed the decision, has been held sufficient to entitle the party to a bfil of review. Hardin, 347, Respass &c. vs. M' Clanahan. But the complainant cannot be allowed a bill of . i t 1 . , , • review upon such discovery m this case, because his attention having been directed, before the rendition of , . ° , , . , , - the decree- prayed to be reviewed, not only to the tact proved by the discovered record, but also, to the existence oi that record, and to the fact that it contained the P1'00*" he desired; and it appearing, that it was perfectly in his power conveniently to inspect the re-cor^’ w^ich was in the Clei'k’s office -of the county adjoining that of his residence, it was incumbent on him to ascertain its true puiport, and to use it, if he deemed it material. His failure to do so, is not, in our opinion, sufficiently accounted for, and it would be extremely dangerous, as a precedent, to allow him to file a bill of review, upon the alleged ground of having discovered, after decree, the contents of a record, which he might, with reasonable diligence, have ascertained during the pen-, dency of the suit. The full extent of the evidence may not have been actually known to him; but as his ignorance was the consequence of his own negligence, he is entitled to no advantage from it. ,
The alleged surprise is not sufficiently made out to authorize a re-hearing or review of the cause after the expiration of the-term;at which the decree was rendered, *501 or to account for the negligence of' the party in not ascertaining the import of the record above noticed and other facts involved in the case.
Wherefore, the decree is affirmed.